**Donald H. GRAY, Appellant,**

v.

**Marlia B. GRAY, Appellee.**

**No. 86–CA–2367–S.**

Court of Appeals of Kentucky.

Jan. 15, 1988.

Rehearing Denied Feb. 26, 1988.

Paul P. Burchett, Prestonsburg, for appellant.

Gregory D. Stumbo, Stumbo & Caudill, Martin, for appellee.

Before COOPER, LESTER and MILLER, JJ.

LESTER, Judge.

This is an appeal from an order enforcing a previous judgment for damages.

Donald and Marlia Gray were married for the first time on August 12, 1978. The findings of fact, conclusions of law and decree of dissolution of marriage were entered on behalf of the parties on May 1, 1981. The entry adopted the parties' waiver and agreement and provided that the appellant transfer to the appellee within 36 months one new 1981 Datsun 280Z automobile free and clear of all encumbrances. Prior to the transfer of title, Marlia Gray was to have control and use of the car. Donald Gray also had to execute a third mortgage on certain real property in order to secure payment of various debts by him. Marlia Gray was awarded maintenance and also released and relinquished any and all right, title and interest to all real property owned by Donald Gray and to any remaining property in his possession. On December 31, 1981, the parties remarried but were divorced for the second time on July 22, 1982. At that time, the trial court found that they had no marital property.

During the second marriage, Donald Gray found an interested buyer for the 1981 Datsun 280Z which he was continuing to pay off while his wife had control and use of it. Marlia agreed to the sale provided Donald would replace it with another of like make and model. The car was replaced and the appellant made payments on it for approximately eighteen months after the second divorce decree was entered. Due to financial problems, the appellant

discontinued paying on the Datsun 280Z and it was later repossessed. Appellee, the intended title holder, then received a judgment for damages against the appellant, from which he now appeals.

■ The first issue presented to us is whether the second marriage between the parties annulled the first divorce decree. Donald contends that his remarriage to Marlia annulled the first judgment thereby relieving him of his obligation to make the car payment. The appellant cites as support for his proposition the 1916 case of *Cain v. Garner*, 169 Ky. 633, 185 S.W. 122, 126 (1916). However, while appellant's quote from *Cain* contains language favorable to his claim, it must be read in the context of the entire opinion. *Cain* concerned a personal service contract between an employer and a divorced but remarried couple's son. The pertinent language addresses the rights of divorced and remarried parents over their children. Upon resumption of the marriage, the noncustodial parent is restored to the same marital rights afforded prior to the divorce.

Such is not the situation in the present case. The subject of dispute is personal property, namely, an automobile and not children. While filing for the first divorce decree, the parties entered into a waiver and agreement which provided for maintenance and divided up the couple's property. Its terms were adopted and set forth in the trial court's decree. Upon the issuance thereof dissolving the marriage, the divided property ceased being marital and all became separately owned by the party awarded it. Therefore, when the parties remarried they each brought with them their separate property. That which may have been marital during the first marriage did not resume that status upon remarriage of the parties. 24 Am.Jur.2d, *Divorce and Separation* § 882. Hence, Donald had to continue paying on Marlia Gray's car even after they were remarried. This determination supports the trial court's finding that no marital property existed upon the dissolution of the short second relationship. All brought by a party to the remarriage remained his separate property. The accu-

mulation of marital property starts anew with the second marriage. *See*, R. Revell and A. Slyn, *Kentucky Divorce* § 18:11 (1984).

■ Appellant further contends that the parties' agreement to sell appellee's Datsun during their second marriage likewise supports his annulment claim. However, appellee agreed to sell the car on the condition that Donald Gray replace it with the same make and model. The second vehicle was purchased and the appellant continued making payments on it after the second divorce was entered.

KRS 403.190(2) defines marital property and subsection (b) excludes "[P]roperty acquired in exchange for property acquired before the marriage...." The second Datsun clearly fits this definition. Marlia Gray brought the first automobile with her into the second marriage. There was a like-kind exchange which in no way can be construed as an attempt to annul the first divorce judgment. It remained in effect and awarded Marlia Gray the rights to the Datsun. KRS 403.190(2)(b) preserves her rights in the replacement.

■ The second issue on appeal is whether the trial court used the proper measure of damages in its award to the appellee. It ordered Donald Gray to pay $7,365.09 plus legal interest at a rate of 12% from the date the Datsun was repossessed. That amount was the remaining balance owed on the automobile.

KRS 403.180(5) provides that "[t]erms of the agreement set forth in the decree are enforceable by all remedies available for enforcement of a judgment, including contempt, and are enforceable as contract terms." Therefore, it follows that appellant's failure to comply with the first divorce decree should be treated as a breach of a contract entitling appellee to the appropriate compensatory damages. Kentucky case law holds that:

> In the case of a breach of contract, the goal of compensation is not the mere restoration to a former position, as in tort, but the awarding of a sum which is the equivalent of performance of the bar-

gain—the attempt to place the plaintiff in the position he would be in if the contract had been fulfilled. (citation omitted)

*SEG Employees Credit Union v. W.S. Scott,* Ky.App., 554 S.W.2d 402, 406–07 (1977). Had the appellant performed, the appellee would have owned a 1981 Datsun. Hence, Marlia Gray is entitled to the fair market value of the car as of the date it was repossessed. In essence, the report of the master commissioner, which also stated that the NADA publication is evidence of the automobile's fair market value, should have been followed.

It should also be noted that according to the parties' appellate briefs there no longer appears to be a discrepancy concerning the damages issue. The appellant requested the use of fair market value and the appellee stated that she argued for that in the court below.

Therefore, the judgment is affirmed in part and reversed in part.

Further, pursuant to 2.(a) of the Order designating the case as a Special Appeal, the application of CR 76.20 and CR 76.32, as well as other appropriate Rules of Civil Procedure pertaining to further appellate steps, are reinstated effective the date of this opinion.

All concur.